KENTUCKY BAR ASSOCIATION, CLE COMMISSION, Complainant,

v.

**J. Gregg CLENDENIN, Respondent.**

No. 97–SC–033–KB.

Supreme Court of Kentucky.

March 27, 1997.

Janis E. Clark, Kentucky Bar Association, Frankfort, for Complainant.

J. Gregg Clendenin, Frankfort, for Respondent.

### OPINION AND ORDER

Respondent's name was certified to this Court as being in non-compliance with the minimum continuing legal education requirements for the CLE year ending June 30, 1996. Respondent received a Show Cause Order from this Court entered on November 27, 1996, which he failed to answer until January 8, 1997. In his response, respondent offered as the only explanation for his delay, the fact that he is a sole practitioner who was defense counsel in a murder trial at the time the Show Cause Order was received and that such Order was inadvertently misplaced, to be found only during a year end review of his active files.

■ Respondent obtained CLE ethics credits on January 14, 1997. However, without a Court order to the contrary, CLE credits are applied to the year in which they were earned, so respondent's credits have been applied to the current CLE year which will end on June 30, 1997. At this time respondent remains deficient.

■ Nowhere in the motions, extension requests or filings which have come before this Court has respondent established any cause for his failure to meet the CLE requirements for the year ending June 30, 1996. Nowhere does he offer any reason for failing to obtain the required ethics credits. Respondent fails to even address the period at issue in this non-compliance action. This Court directed respondent to "show cause, if any, why [he] should not be suspended from the practice of law in this state." Respondent has failed to show any such cause.

Respondent has requested an extension of time in which to comply with CLE requirements. SCR 3.667(1) requires a showing of "hardship or other good cause clearly warranting relief" for an extension of time to be granted. Respondent has failed to meet this requirement.

This is not respondent's first entanglement with the Supreme Court Rules and the requirements of the CLE Commission. For a period exceeding seven years, respondent has had a history of non-compliance. In 1990, he requested and was granted an extension of time in which to complete CLE requirements for the year ending June 30, 1989. During the year ending June 30, 1989, respondent attended no continuing legal education seminars, resulting in a delinquency of ten (10) CLE credits. Respondent defended his non-compliance by stating that he had relocated his office during that year, and his overhead and operating costs had increased. Respondent also stated that he had suffered from and was treated for depression, but produced no medical records to substantiate his claim. Again in 1993 respondent requested and was granted an extension of time in which to comply with CLE requirements. The CLE Commission granted respondent's extension request and retroactively applied the CLE credits he earned while in attendance at the Lexington District Bar meeting. Both the Court and the CLE Commission have been lenient in the past toward respondent.

We have given serious consideration to imposing a period of suspension upon respondent for his habitual violation of the CLE rules. While imposition of such punishment would not be too severe, the effect would be to punish others such as clients and courts who are not to blame for respondent's violations. Instead we believe a better solution is to require respondent to pay a sum of money which will reimburse the CLE Commission for the cost it has expended in enforcement actions against respondent. The Commission has suggested the sum of $3,000 and represented that this is "an amount not nearly equalling the cost respondent has caused the Court and the Commission in pursuit of this issue over the years." Payment of such sum will also serve to punish respondent for his indifference to CLE rules.

IT IS THEREFORE ORDERED:

1. That respondent, J. GREGG CLENDENIN, is hereby sanctioned pursuant to SCR 3.669(4) and is directed to pay a fine to the Clerk of this Court in the sum of Three Thousand Dollars ($3,000.00) immediately upon finality of this order.

2. Respondent's CLE credits earned on January 14, 1997, shall be credited to the CLE year which ended on June 30, 1996, absolving respondent of his delinquency for that year and rendering him in good standing at this time.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

ENTERED: March 27, 1997.

/s/ Robert F. Stephens
Chief Justice